**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KATHERINE P. KEALOHA,
Petitioner,
v.
E. RICOLCOL, Warden,
Respondent.

Case No. 2:24-cv-9182-SPG-PVC

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (ECF No. 1 ("Petition")), all the records and files herein, the Amended Report and Recommendation of the United States Magistrate Judge, (ECF No. 21-1 ("Report")), and Respondent E. Ricolcol's Objections, (ECF No. 23 ("Objections")). Petitioner Katherine Kealoha did not file objections to the Report. After conducting a de novo review of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

On November 30, 2020, Petitioner was sentenced to an aggregate term of imprisonment for 156 months for crimes related to obstruction of an official proceeding. (Report at 3). Her projected release date is July 24, 2029. *See* (*id.* at 9). Petitioner argues that she should receive earned time credit ("ETC") pursuant to the First Step Act, 18 U.S.C. § 3632, from the date of sentencing, and that she should be credited 620 ETCs. *See*

(Petition at 6–8). According to Petitioner, if the Federal Bureau of Prisons were to properly credit her ETCs, her projected release date to a community confinement center would be in June of 2026. (*Id.* at 7).

The Report recommends dismissing the claim for lack of jurisdiction because Petitioner's claim is not ripe for review. (Report at 9–10). Citing to 18 U.S.C. § 3624(g)(1)(A), which "requires the BOP to apply these credits when a prisoner has earned enough to lead to an immediate end of a custodial sentence," *Adkins v. Engleman*, No. CV 22-1988 JLS (MRW), 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, No. CV 22-1988 JLS (MRW), 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022), the Report concludes that Petitioner had not accrued ETCs equal to the remainder of her prison term, (Report at 9–10). When Petitioner filed the Petition on October 18, 2024, there were 1740 days remaining in her sentence. (Report at 9). Thus, Petitioner's claim is not ripe and the Court lacks jurisdiction to adjudicate the Petition.

Respondent, though concurring in the conclusion of the Report, nevertheless raises two objections. *See* (Obj.). First, Respondent contends that Petitioner's claims are not cognizable in habeas. Second, Respondent objects to the Report's analysis that the BOP's regulations are contrary to the plain language of the FSA. *See* (Obj. at 8).

As the Petition is not ripe and presents no case or controversy, however, the Court does not reach the issue of whether Petitioner's claims are cognizable. *See Bean v. Matteucci*, 986 F.3d 1128, 1132–33 (9th Cir. 2021) (recognizing that an issue of whether a claim is cognizable is distinct from a question of the court's subject matter jurisdiction); *see also United States v. Doe*, 810 F.3d 132, 149 (3d Cir. 2015) (treating non-cognizability as a "fail[ure] to state a claim on which relief may be granted") (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.")). As Respondent's Objections address the merits of Petitioner's claim, the Court lacks subject matter jurisdiction to address the Objections. *See Western Oil & Gas Ass'n v. Sonoma*

*County*, 905 F.2d 1287, 1290 (9th Cir. 1990) ("The ripeness inquiry asks whether there yet is any need for the court to act") (internal quotation marks and citation omitted).

Therefore, IT IS ORDRED that the Petition is DENIED and Judgment is entered DISMISSING the Petition WITHOUT PREJDUICE.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at her current address of record and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 14, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE